CHARLES H. COLBOURN *vs.* MAYOR AND COUNCIL OF WILMINGTON.

*Action for Damages—Municipal Corporation ; City of Wilmington—Injury to Horses Caused by Electric Wire—Duty of City in Respect to Streets—Duty of Driver of Wagon—Negligence ; Contributory—Due Notice or Timely Warning—Act af God—Damages.*

1. It is the duty of the city, through its proper officers and agents, to exercise due care and diligence in keeping the streets free from dangerous obstructions, and in keeping its electric wires along such streets in such condition as not to interrupt or endanger public travel. The care required is reasonable care, proportioned to the danger or mischief liable to ensue from the omission of such care. But the city is not an insurer against all injuries which may result from obstructions in the public streets. It is liable only for such injuries as are the result of its negligence or default in the performance of some duty imposed upon it by law.

2. . If an electric wire, the property of the city, is broken down and suspended in the street by reason of the sleet adhering to it, and without any neglect or default of the city, it would not be responsible for such breaking or suspension, as this would be what is called the act of God. If, however, after notice of the dangerous condition of the wire, whoever may have been the owner of it, the city did not within a reasonable time remove or repair the same, or take proper precautions to notify travelers or protect them from the danger, it would be guilty of negligence.

3. If, at and immediately before the time of the accident, a police officer of the city, near the suspended wire, gave due and timely warning of the danger to the driver of the team that was injured, the city would not be liable for injury sustained by reason of the disregard of such warning, or other negligence on the part of the driver.

4. Where the injury complained of is the result of the negligence of both parties, the plaintiff is held to be guilty of contributory negligence, and cannot recover, as the law will not in such case undertake to measure and balance the degree of responsibility attributable to each of the parties.

5. The driver of a loaded wagon going down grade, upon a sleety pavement, and with brakes coated with ice, should proceed at a more moderate speed and with more caution than would be required under ordinary circumstances.

(*December 1, 1903.*)

LORE, C. J., and SPRUANCE AND GRUBB, J. J., sitting.

*Henry C. Conrad* and *Daniel O. Hastings* for plaintiff.

*Robert G. Harman,* City Solicitor, and *Baldwin Springer,* Assistant City Solicitor, for defendants.

Superior Court, New Castle County, November Term, 1903.

ACTION ON THE CASE (No. 95, May Term, 1902), to recover damages for the loss of two horses, alleged to have been killed by coming in contact with an electric wire at Fourth and duPont Streets in the City of Wilmington on February 21, 1902.

SPRUANCE, J., charging the jury :

Gentlemen of the jury:—This action was brought by Charles H. Colbourn, the plaintiff, against the Mayor and Council of Wil-

mington, the corporation defendant, for the recovery of damages for the death of two horses and injury to their harness, alleged to have been occasioned by the negligence of the defendant. It is not denied that the horses of the plaintiff, attached to a loaded furniture wagon, were killed on the twenty-first of February, 1902, at or near the intersection of Dupont Street with the southerly side of Fourth Street, in the City of Wilmington, by coming in contact with a highly charged electric wire, which had been broken and was hanging down into the street.

The plaintiff claims that said wire was the property of the defendant, and that, after due notice of its broken and dangerous condition, the defendant negligently suffered it so to remain, and that, without sufficient warning and without the fault of the plaintiff's driver, his horses came in contact with said wire and were killed.

The defendant contends that said wire was broken down by a sleet storm of unusual severity; that very soon thereafter this became known to two of the city police; that notice was at once telephoned to police headquarters, and that one or the other of said policemen thereafter remained constantly on guard near the broken wire until after the accident in question; that he gave to the plaintiff's driver due and timely notice of his danger, and that there was no negligence whatever on the part of the defendant.

It is the duty of the corporation defendant, through its proper officers and agents, to exercise due care and diligence in keeping the public streets of the city free from dangerous obstructions, and in keeping its electric wires along such streets in such condition as not to interrupt or endanger public travel.

The care and diligence required of the defendant in both these respects, is reasonable care and diligence, proportioned to the danger or mischief liable to ensue from the omission of such care and diligence.

But, on the other hand, the defendant is not an insurer against all injuries which may result from obstructions in the public

streets. It is liable only for such injuries as are the result of its negligence or default in the performance of some duty imposed upon it by law.

If the electric wire in question was the property of the defendant, and was broken down and suspended in the street by reason of the sleet adhering to it, and without any neglect or default of the defendant, the defendant would not be responsible for such breaking or suspension, as this would be what is called an act of God.

If, after notice of the dangerous condition of the wire, whoever may have been the owner of it, the defendant did not within a reasonable time remove or repair the same, or take proper precautions to notify travelers or protect them from the danger, the defendant would be guilty of negligence.

If at and immediately before the time of the accident, a police officer of the city, near the suspended wire, gave due and timely warning of the danger to the driver of plaintiff's wagon, the defendant would not be liable for injury sustained by reason of the disregard of such warning, or other negligence on the part of the driver.

Negligence is not presumed, and the burden of proving it is upon the party by whom it is alleged.

Where the injury complained of is the result of the negligence of both parties, the plaintiff is held to be guilty of contributory negligence, and cannot recover, as the law will not in such case undertake to measure and balance the degree of responsibility attributable to each of the parties.

In considering the question of negligence the jury should have regard to the particular conditions and circumstances attending the accident.

The driver of a loaded wagon, going down grade upon a sleety pavement, and with brakes coated with ice, should proceed at a more moderate speed and with more caution than would be required under ordinary circumstances.

Where the evidence is conflicting the jury should reconcile it

if they can, but if they cannot do so, they should give credence to so much of it as, in their opinion, is entitled to belief.

The verdict should be for that party in whose favor is the preponderance or greater weight of evidence.

If the verdict should be for the plaintiff, it should be for the value of the property injured or destroyed, as the same appears from the evidence.

Verdict for plaintiff for $360.